UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

CIVIL ACTION NO. 05-342-JBC

JOSEPH H. BAILEY,                                                                                                     PLAINTIFF,

V.                        **MEMORANDUM OPINION AND ORDER**

JO ANNE BARNHART, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,                                            DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on the plaintiff's appeal of the Commissioner's denial of his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") payments (DE 9, 10). The court, having reviewed the record and being otherwise sufficiently advised, will grant the plaintiff's motion, deny the Commissioner's motion, and remand this matter to the Commissioner for further proceedings.

A.    OVERVIEW OF THE PROCESS

Judicial review of the Administrative Law Judge's ("ALJ") decision is limited to determining whether he employed the proper legal standards. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). The court does not try the case *de novo* or resolve conflicts in the evidence; it also does not decide questions of credibility. *See id.* Rather, the ALJ's decision must be affirmed if it is supported by substantial evidence, even though the court might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). "Substantial evidence" is "more than a scintilla of evidence, but less than a

preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

The ALJ, in determining disability, conducts a five-step analysis. At Step One, the ALJ considers whether the claimant is performing substantial gainful activity; at Step Two, the ALJ determines if one or more of the claimant's impairments are "severe"; at Step Three, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a listing in the Listing of Impairments; at Step Four, the ALJ determines whether or not the claimant can perform past relevant work; and, finally, at Step Five – the step at which the burden of proof shifts to the Commissioner – the ALJ determines, once it is established that the claimant cannot perform past relevant work, whether significant numbers of other jobs exist in the national economy which the claimant can perform. *See Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.    THE ALJ'S DETERMINATION**

The plaintiff complains of chronic back and neck pain, paresthesias of the hand, alcohol dependence, borderline intelligence, and depression. At Step One, the ALJ determined that the plaintiff has not engaged in substantial gainful activity. At Steps Two and Three, the ALJ determined that the plaintiff's impairments are severe but do not meet or equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. At Step Four, the ALJ found that the plaintiff could not engage in his past relevant work. The ALJ determined that the plaintiff, despite his severe impairments, retains the residual functional capacity ("RFC") to perform

a significant range of medium work. At Step Five, the ALJ concluded that the plaintiff is not disabled, because there exists a significant number of jobs in the national economy that the plaintiff could perform.

**C. ANALYSIS**

The plaintiff argues that the Commissioner's decision denying his application for benefits should be reversed because (1) he did not knowingly waive the right to representation at his hearing; (2) he was not given an opportunity to cross-examine the vocational expert ("VE"), who testified via telephone, at the hearing; (3) the ALJ failed to adequately develop the record based on which he made his decision; (4) the ALJ failed to give appropriate weight to the opinion of the plaintiff's treating physician; and (5) the ALJ failed to comply with Social Security Ruling 00-4p by taking administrative notice of the obsolescence of the *Dictionary of Occupational Titles*. In his statement of facts, the plaintiff also contends that the ALJ improperly modified an RFC determination made by a previous ALJ.[1] Because the court finds that the ALJ's rejection of a previous ALJ's factual determination warrants reversal, the court will not address the remaining arguments.

The plaintiff initially applied for DIB and SSI on July 11, 1985, and his claim was denied at the initial level. The plaintiff filed a subsequent application on July 17, 2001. His 2001 claims were denied in a hearing decision on December 31,

---

[1] The Commissioner also addressed in her memorandum in support of summary judgment the ALJ's compliance with the rule that a previous ALJ's findings of fact are binding.

3

2002, by ALJ Roger L. Reynolds. The Appeals Council denied review, and that denial was affirmed by this court. *Bailey v. Soc. Sec. Admin.*, 5:03-cv-0161-JBC (E.D. Ky. Oct. 31, 2003). While that appeal was pending before this court, the plaintiff filed a third application for benefits on March 31, 2003. A hearing was held before ALJ John M. Lawrence, and a decision denying the application was issued on November 24, 2004.

ALJ Lawrence acknowledged that "absent evidence of an improvement in a claimant's condition, a subsequent Administrative Law Judge is bound by the findings of a previous Administrative Law Judge." *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997); *see also* Acquiescence Ruling 98-4(6) (RFC assessment by previous ALJ must be adopted unless there is new and material evidence related to that finding or there has been a change in law). ALJ Lawrence then stated that

> [a]ccordingly, the undersigned finds the claimant retains the residual functional capacity for a restricted range of medium work activity. The claimant can lift up to 50 pounds occasionally and up to 25 pounds frequently. He can occasionally climb ladders, ropes and scaffolds. He is restricted to simple routine tasks not involving detailed instructions and restricted to jobs involving minimal interaction with the general public. The claimant requires the leniency to be tardy or miss one, occasionally two, days per month.

AR 20. Contrary to his recognition of the rule in *Drummond*, ALJ Lawrence's conclusion as to the plaintiff's RFC is significantly less restrictive than the RFC adopted by ALJ Reynolds. ALJ Reynolds found that

> the claimant retains the residual functional capacity for a restricted range of medium work activity. The claimant can lift up to 50 pounds occasionally and up to 25 pounds frequently. He requires the ability to sit or stand at will with no prolonged standing or walking in excess of 30 minutes without interruption. He cannot climb ropes, ladders, or scaffolds. He cannot work at heights or around industrial hazards or vibration. He can engage in only limited work with his hands over his head and limited fine motor manipulation with his right dominant hand. He cannot engage in work requiring frequent turning of the head. He can engage in only limited operation of foot pedal controls. He cannot perform work requiring advanced literacy. He requires low stress, entry level work with simple one to two to three step procedures and no frequent change in work routine. He cannot be required to problem-solve or plan independently.

AR 37. The Commissioner bears the burden of establishing the changed circumstances necessary to overcome the binding effect of the previous ALJ's findings. *Drummond*, 126 F.3d at 843. The Commissioner made no attempt in her memorandum to justify the more lenient RFC adopted by ALJ Lawrence, and upon its independent review of the evidence produced since December 31, 2002, the court finds that there is no evidence that the plaintiff's condition has improved since that time. *Compare Senters v. Sec'y of Health & Human Servs.,* 960 F.2d 150, 1992 WL 78102, at *3 (6th Cir. Apr. 17, 1991) (objective medical evidence demonstrated improvement in allegedly disabling condition); *Hamlin v. Comm'r of Soc. Sec.*, 104 F.3d 361, 1996 WL 729287, at *2 (6th Cir. Dec. 17, 1996) (gap in history of medical treatment raised inference of improvement).

The court notes that ALJ Lawrence was not, as the plaintiff contends, required to consider Dr. Roy Varghese's assessment of the plaintiff's physical

limitations. ALJ Reynolds explained in his decision that, even assuming Dr. Varghese is a treating physician, his opinion is unsupported by medical evidence and is inconsistent with other substantial evidence of record. ALJ Lawrence could properly reject Dr. Varghese's opinion in accordance with ALJ Reynolds's earlier conclusion.

Nonetheless, although the record contains numerous new opinions as to the plaintiff's abilities, the evidence does not demonstrate a change in the plaintiff's condition. The objective medical evidence on which ALJ Reynolds based his opinion is that:

> October 2000 MR imaging demonstrated severe loss of disc height and disc dehydration at L5-S1 with circumferential disc bulging and a superimposed broad-based central and bilateral paracentral disc protrusion and mild facet arthropathy; mild facet arthropathy at L4-5 [sic]; mild disc dehydration at L3-45 with foraminal disc protrusion and mild disc bulging; and anterior osteophytic spurring at L1-2. He had normal range of motion studies in September 2001. Upon physical examination in March 2002, he had limited movement of the lumbosacral spine; he could not bend; his paraspinal muscles were spastic, his straight leg raising was negative; and he had normal reflex and sensory exams. Mishra Ashutosh, M.D., assessed paresthesias in the hand. He noted that claimant's finger flexion jerk was diminished with a possible sign of nerve root compression arising in the C7, C8, T1 region (Exhibits 4, 6, and 11, Part F).

AR 36. ALJ Lawrence reiterated much of ALJ Reynolds's findings. AR 18. Although ALJ Lawrence had new evidence to inform his decision, that evidence does not establish an improvement in the plaintiff's physical condition that would justify modification of ALJ Reynolds's RFC assessment.

Jeffrey G. Ellington, M.D., and Gary C. Stewart, Ph.D., performed consultative examinations on the plaintiff in June and July 2003. Dr. Ellington found that the plaintiff had decreased grip strength in his right hand, and the plaintiff complained of severe pain upon flexion or extension of the lumbar spine at 20 degrees. AR 141-42. Straight leg raises in the sitting and supine positions, however, were negative at 90 degrees. AR 142. Dr. Ellington's objective findings are consistent with those relied on by ALJ Reynolds, in particular the fact that the plaintiff could not bend, had limited lumbosacral movement, and did not have difficulty with straight leg raises.

Dr. Stewart evaluated the plaintiff and found that his IQ scores were verbal - 75, performance - 81, and full scale - 76. AR 160. Dr. Stewart diagnosed the plaintiff with borderline intellectual functioning and found him to be illiterate. AR 161. Dr. Stewart opined that the plaintiff's adaptive functioning was below average and classified his overall psychological impairment as mild to moderate. *Id.* These findings are consistent with ALJ Reynolds's determination that "the claimant's mental impairments have resulted in only mild restrictions of activities of daily living and moderate difficulties in maintaining social functioning. He has moderate difficulty with concentration and maintaining pace." AR 36.

Based on these comparisons, the court finds that there is not sufficient new and material evidence to warrant ALJ Lawrence's decision to remove from the plaintiff's RFC several of the restrictions that were included by ALJ Reynolds. Absent such evidence, *Drummond* binds the Commissioner to the earlier RFC

finding. Because the non-examining physicians and psychologists based their RFC evaluations on Dr. Ellington's and Dr. Stewart's reports, their interpretations are not evidence of a change in the plaintiff's condition.

At the hearing on the plaintiff's application for benefits, Dr. Jackie Rogers, a vocational expert ("VE"), testified via telephone. ALJ Lawrence asked the VE whether there were jobs available for a hypothetical individual with the "limitations indicated by non-examining physicians and psychologists." AR 246. ALJ Lawrence described a person who could perform medium work; lift fifty pounds occasionally and twenty-five pounds frequently; sit and stand as needed with normal breaks every two hours; occasionally climb ladders, ropes, and scaffolds; perform only simple, routine tasks without detailed instructions; interact with the public on a limited basis; and be absent or tardy once or twice per month. These restrictions do not accurately reflect the restrictions imposed on the plaintiff by ALJ Reynolds, and the VE's affirmative response is therefore not substantial evidence that there is a significant number of jobs that the plaintiff could perform. *See Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987) (holding that a VE's response to a hypothetical question that accurately portrays the claimant's impairments may constitute substantial evidence that there exists a significant number of jobs that the claimant can perform).

Because the conclusion that there exists a significant number of jobs that the plaintiff could perform was based on an insufficiently restrictive description of the plaintiff's abilities, the determination that the plaintiff is not disabled is not

supported by substantial evidence. Accordingly,

**IT IS ORDERED** that the Commissioner's motion for summary judgment (DE 10) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (DE 9) is **GRANTED**, the Commissioner's administrative decision is **REVERSED**, and this matter is **REMANDED** to the Commissioner for further proceedings consistent with this opinion.

Signed on April 10, 2006

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY