UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION-- LEXINGTON

| | |
|---|---|
| **JOSEPH BAILEY,**     **Plaintiff,**  v.  **CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY**     **Defendant.** | **CIVIL ACTION NO. 5-cv-342-KKC**   **OPINION AND ORDER** |

This matter is before the Court on the motion by plaintiff's counsel for attorney fees under 42 U.S.C. § 406(b)(1) (DE 20). In his motion, plaintiff's counsel, Wolodymyr Cybriwsky, asks the Court to approve additional attorney fees of $26,304. For the following reasons, the Court will DENY the motion.

The plaintiff Joseph Bailey applied for disability insurance benefits and supplemental security income in 2003. A Social Security administrative law judge (ALJ) denied his application by decision dated November 24, 2004. Bailey appealed that decision to this Court which, by order dated April 10 2006, determined that ALJ had erred. The Court remanded the matter to the Social Security Commissioner for further proceedings. By decision dated March 15, 2013, a Social Security ALJ determined that Bailey had been disabled since January 1, 2006. Accordingly, Bailey and his dependents were entitled to past-due benefits. With his motion, Cybriwsky submits a fee agreement in which Bailey agreed to pay Cybriwsky 25 percent of any past-due benefits awarded Bailey and his family.

A social security claimant's attorney may be awarded fees for both his work before the administration and his work before the federal court. *See* 42 U.S.C. § 406. Subsection (a) of Section 406 provides for attorney fees for work before the administration. Subsection (b) provides for attorney fees for work done before a federal court. However, "each tribunal may award fees only for the work done before it." *Horenstein v. Secretary of Health and Human Services,* 35 F.3d 261,

262 (6th Cir. 1994). Here, Cybriwsky moves for fees under subsection (b)(1) of the statute for work performed before this Court. That statute provides that, where a court renders judgment favorable to a claimant, the court may allow as part of its judgment a reasonable fee for the claimant's representation but the fee cannot exceed 25 percent of the total of the past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1)(A).

In his motion, Cybriwsky states that the past-due benefits awarded Baily and his family totaled $105,216.20 and, therefore, pursuant to the fee agreement, he is entitled to $26,304 (25 percent) for work performed before this Court. In her response, the Commissioner states that Bailey's past-due benefits actually totaled only $81,492, which consisted of $65,790 for Bailey and $15,702 for his dependents. The Commissioner argues that Cybriwsky is, therefore, entitled to a total fee award of only $20,373 (25 percent). To resolve the dispute regarding past-due calculations, the Court will order the Commissioner to provide Cybriwsky with an accounting of the benefits paid to Bailey and his dependents.

The Commission states that, pursuant to Section 406(a), it has already paid Cybriwsky $12,000 for work performed by him on Bailey's behalf before the agency. Further, this Court has already ordered that Cybriwsky be paid $4,981.25 under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1), for the work performed in this Court on Bailey's behalf which led to the remand order. (DE 19, Order). Pursuant to the fee agreement with Bailey, Cybriwsky is entitled to an additional fee of 25 percent of the back-pay less the fees already paid to Cybriwsky ($16,981.25). The Court finds that fee payment to be reasonable given the fee agreement between the parties, the services rendered by Cybriwsky, the complexity of the case, the amount of time spent on the case and the results achieved.

The Commission states in its response, that, pursuant to 20 C.F.R. § 404.1730(c), by letter dated May 25, 2015, the agency notified Cybriwsky that it was holding $8,373 of Bailey's back-pay

award for payment to Cybriwsky for work performed before this Court. This amount is equal to 25 percent of the back-pay award calculated by the agency ($20,373) less the $12,000 already paid to Cybriwsky. The agency further notified Cybriwsky that, if he failed to file a fee petition within 20 days to claim the withheld funds, the funds would be released to Bailey. Cybriwsky did not file the petition and, accordingly, the agency paid Bailey the $8,373. Because the agency no longer holds any funds that can be paid to Cybriwsky, pursuant to 20 C.F.R. §1730(c)(2), the agency is not responsible for any additional fees that Bailey may owe him. Any additional fees to which Cybriwsky may be entitled must be obtained from Bailey.

Accordingly, the Court hereby ORDERS as follows:

1) the motion by plaintiff's counsel for attorney fees under 42 U.S.C. § 406(b)(1) (DE 20), in which he requests that the Court approve an attorney fee award of $26,304, is DENIED;

2) the Commissioner SHALL provide Cybriwsky with an accounting of the past-due benefits paid to Bailey and his dependents; and

3) given the fee agreement between the parties, the services rendered by Cybriwsky, the complexity of the case, the amount of time spent on the case and the results achieved, the Court finds that attorney fees equal to 25 percent of the total past-due benefits awarded Bailey and his family to be reasonable. Accordingly, the Court approves additional fees equal to 25 percent of the total back-pay award less the fees already paid to Cybriwsky ($16,981.25) for his representation of Bailey.

Dated August 25, 2016.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY